FILED

JUL 3 1 2024

CLERK, US. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA )
)
v. )
) Criminal No. 2:24-mj- 129
WAYMAN TISDALE RANDALL )
Defendants. )
)
)
)

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

Your affiant, Marqel Watkins, does swear and affirm the following to be true and

accurate to the best of my knowledge and belief:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I am a "federal law enforcement officer" within the meaning of Federal Rule of

Criminal Procedure 41 (a)(2)(C), that is, a government agent engaged in enforcing the criminal

laws of the United States and duly authorized by the Attorney General to request an arrest warrant.

I am an investigative or law enforcement officer of the United States within the meaning of Section

2510(7) of Title 18 of the United States Code. I have been employed as a Special Agent with the

Federal Bureau of Investigation (FBI) since August 27, 2023. I am currently assigned to the

Norfolk Field Office and charged with investigating violations of domestic and international

terrorism. I am a graduate of the FBI Academy. At the FBI Academy, I received special training

in various violations including firearm offenses.

2.      Prior to becoming a Special Agent with FBI, I was a Hilliard Police Officer in the

State of Ohio from 2019 until 2023. As a law enforcement officer, I investigated numerous crimes

1

involving firearms and fraud identity. These investigations required me to apply for arrest warrants in state court.

3.     This affidavit is submitted in support of a criminal complaint charging WAYMAN TISDALE RANDALL with felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1). This affidavit is also submitted in support of an arrest warrant.

4.     The facts and information contained in this affidavit are based upon my training and experience, participation in firearms and narcotics investigations, personal knowledge and observations during this investigation, as well as the observations of other law enforcement officers involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or were conveyed to me by my review of records, documents, and other physical evidence obtained during this investigation.

5.     This affidavit is being submitted for the limited purpose of obtaining a criminal complaint and arrest warrant. I have set forth only those facts that I believe to be necessary to establish probable cause for the charges described below and have not included each and every fact and matter observed by me or known to the Government.

### FACTS SUPPORTING PROBABLE CAUSE

6.     On May 2, 2024, at approximately 8:45 a.m., Norfolk International Airport (NIA) exterior security cameras captured a black male wearing a black hoodie, multi-color "bucket style hat," white t-shirt with a red and black print design on the front, dark colored pants, dark colored shoes and a possible silver or gold necklace enter the airport from the departure south crosswalk. The individual was also observed wearing a dark colored backpack. This individual was later identified as WAYMAN TISDALE RANDALL (RANDALL).

7.      RANDALL continued up the main south bottom escalator. RANDALL continued walking from the right side of the business center, toward the Alpha checkpoint entrance.

8.      Between 8:48 and 8:54 a.m., RANDALL arrived at the Alpha Ticket Document Check (TDC) line, where RANDALL removed his hat and proceeded with photo identification screening and the Credential Authentication Technology (CAT-2), which uses facial recognition and biometric technologies to verify travelers' identities. After TDC screening, RANDALL moved forward to the Divesture Officer, where he placed his personal belongings, to include his dark colored carry-on backpack, dark colored hoodie, dark colored shoes onto the Divesture Officer table which advanced toward the X-ray machine at the TSA checkpoint.

9.      RANDALL'S dark colored carry-on backpack was scanned by the X-ray machine. During the X-ray scan the Transportation Security Officer (TSO) observed a suspicious object inside RANDALL'S backpack. The object was consistent with the shape of a handgun.

10.     After the TSO reviewed the suspicious image from the X-ray scan the TSO alerted the Transportation Security Administration (TSA) supervisor who then notified Norfolk International Airport Police Department (NIAPD).

11.     NIAPD took possession of the bin, including all its contents, and escorted RANDALL to a private screening room in the Alpha checkpoint.

12.     RANDALL initially presented a Virginia identification card, bearing RANDALL's picture but with the name "Ethan Walker." In addition, RANDALL was in possession of an American Airlines boarding pass in the name of Ethan Walker.

13.     Further investigation revealed RANDALL was utilizing a fictious identification card in the name of Ethan Walker.

14.     After being advised of his *Miranda* rights, RANDALL admitted there was a firearm in his bag. He admitted Ethan Walker was not his name and he provided his true name, date of birth and social security number.

15.     A search of RANDALL'S belongings revealed he was in possession of two (2) additional fictitious Virginia Operator's Licenses, 17 credit cards in various names, one (1) MSR X6 card reader, and one (1) Israel Weapon Industries (IWI), Masada, 9mm, semiautomatic firearm with 17 rounds in the magazine.

16.     Multiple records checks were conducted regarding any application for restoral of gun rights for RANDALL and all the checks came back as negative. A query of Virginia Restoration of Rights website revealed a petition by WAYMAN TISDALE RANDALL for the restoration of his civil rights, after having been convicted of a felony, to wit: right to vote, ability to become a Notary Public, serve on a jury and run for public office. This petition was granted and effective as of March 16, 2021; however, it specifically precludes the recipient from transferring or possessing a firearm.

17.     The Bureau of Alcohol, Tobacco, Firearms and Explosives completed a firearm trace summary on the recovered stolen firearm that was in WAYMAN's possession. The IWI firearm had been shipped and transported in interstate and foreign commerce. The Masada firearm was manufactured in Israel by IWI. The firearm was imported to IWI US Inc. in Middletown, Pennsylvania. The firearm was later reported stolen out of Newport News, VA.

18.     RANDALL is a previous convicted felon. On July 22, 2015, in the Hampton Circuit Court he was found guilty of violations of Virginia Code § 18.2-108 – Receiving, etc., stolen goods; on August 26, 2015, in the Hampton Circuit Court he was found guilty of violation of Virginia Code § 18.2-53.1 – Use or display of firearm in committing felony, violation of Virginia

4

Code § 18.2-58 – Robbery, violation of Virginia Code § 18.2-46.2 – Prohibited criminal street gang participation, all of which are felonies that carry a punishment of more than one year incarceration.

## CONCLUSION

19.    Based on the foregoing, I submit that there is probable cause to believe that on May 2, 2024, in the Eastern District of Virginia, WAYMAN TISDALE RANDALL, knowing that he had been previously convicted of a crime punishable by a term exceeding one year, did knowingly and intentionally possess a firearm and firearms, to wit: I Israel Weapon Industries (IWI), Masada, 9mm, semiautomatic firearm, serial number: M1037792, each firearm having previously been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1).

20.    I further request that the Court authorize issuance of an arrest warrant for WAYMAN TISDALE RANDALL for this offense.

Further your affiant sayeth naught.

_____

Marqel Watkins, Special Agent
Federal Bureau of Investigation (FBI)

Sworn and subscribed to before me this 31st day of July 2024.

_____

UNITED STATES MAGISTRATE JUDGE

Douglas E. Miller
United States Magistrate Judge

Read and Reviewed:

_____

Graham M. Stolle
Special Assistant United States Attorney

6